## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ANA MILENA SANCHEZ
POSADA,

    Petitioner,

v.

WARDEN, DIAMONDBACK
FACILITY, et al.,

    Respondents.[1]

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CIV-26-1077-SLP

## REPORT AND RECOMMENDATION

Petitioner Ana Milena Sanchez Posada, a noncitizen proceeding pro se,[2]

seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] Chief United

---

[1]    On May 28, 2026, counsel for Field Office Director Marcos Charles, the proper Respondent, entered an appearance in this proceeding. *See* Doc. 7. Fred Figueroa is the Warden of the Diamondback Correctional Facility and is not a federal official, so the response is not filed on his behalf. Doc. 8, at 1 n.1; https://www.corecivic.com/facilities/diamondback-correctional-facility    (last visited July 10, 2026).

[2]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes her arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

States District Judge Scott L. Palk referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 8, and Petitioner replied, Docs. 10 & 11. So, the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226 within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

## I.    Factual background, procedural history, and Petitioner's claims.

Petitioner is a citizen of Colombia who entered the country in 2023. Doc. 2, at 1. On January 25, 2023, the Department of Homeland Security (DHS) placed Petitioner into standard removal proceedings under 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA), charging her as removable under § 212(a)(6)(A)(i)[4] of the Immigration and Nationality Act (INA). Doc. 1, Ex. 1, at 5. On January 25, 2023, Petitioner was released from DHS custody pursuant

---

[4]    That section is codified at 8 U.S.C. § 1182(a)(6)(A)(i) and provides that a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General is ineligible to be admitted to the United States. *Id.* § 1182(a)(6)(A)(i).

to an Order of Release on Recognizance, *id.* at 8-9. That same day, she filed an asylum application. *Id.* at 15.

On October 24, 2024, an Immigration Judge (IJ) ordered Petitioner removed. Doc. 2, at 1. Petitioner filed an appeal on November 21, 2024, which remains pending. https://acis.eoir.justice.gov/en/caseInformation (last visited July 10, 2026); Doc. 2, at 1. Immigration & Customs Enforcement (ICE) detained Petitioner on October 7, 2025. Doc. 2, at 1. She maintains that "she has also been transferred between facilities, . . . affect[ing] her access to counsel and . . . ability to meaningfully pursue her immigration case." *Id.* She is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.*

Petitioner "challenges her continued immigration detention without an individualized bond hearing while her removal proceedings remain pending on appeal before the Board of Immigration Appeals (BIA)." *Id.* She asks the Court to order that she "be provided with an immediate individualized bond hearing before an [IJ]" or, in the alternative, her "immediate release from ICE custody under appropriate conditions of supervision." Doc. 1, at 7.

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of

3

the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Discussion.

### A.      Section 1226 governs Petitioner's detention.

Petitioner asserts that Respondents violated the INA by detaining her under the mandatory detention provision in § 1225(b)(2).[5] *See* Doc. 2, at 2; Doc. 10, at 5. Petitioner effected entry into the country over three years ago, so she is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. *Quiroz v. Mullin,* No. 26-6019, --- F.4th ----, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026) (holding "that noncitizens who entered the United States and . . . thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."); *see also Barbosa da Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in

---

[5]      Section 1225(b)(2) mandates detention for noncitizens who are "applicant[s] for admission, [where] the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).

the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").[6]

The Court should grant Petitioner's petition in part and order Respondents to provide Petitioner with a "prompt bond hearing under [] § 1226(a), or release Petitioner." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *2 (W.D. Okla. Apr. 20, 2026); *see, e.g.*, *Colin v. Holt,* No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").

## IV.    Recommendation and notice of right to object.

---

Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1284 (11th Cir. 2026) ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.SC § 1225(b)(2)(A))).

For the reasons set forth above, the undersigned recommends the Court **grant in part** Petitioner's habeas application and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within five business days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.**[7]

**The undersigned further recommends that the Court order Respondents to certify compliance by filing a status report within ten business days of the Court's order. Counsel for Respondents should also promptly provide a copy of the Court's order to counsel for the Warden of the Diamondback Correctional Facility.**

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 13, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8]

---

[7]    Adoption of this Report and Recommendation will moot Petitioner's pending motion for leave to file supplemental information, Doc. 12.

[8]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas

The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

 **ENTERED** this 10th day of July, 2026.

             SUZANNE MITCHELL
             UNITED STATES MAGISTRATE JUDGE

---

proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

7