**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANA MILENA SANCHEZ POSADA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-26-1077-SLP |
| | ) |
| WARDEN, DIAMONDBACK FACILITY, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

Petitioner, Ana Milena Sanchez Posada, appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 13] (R&R) of United States Magistrate Judge Suzanne Mitchell. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 14]. The matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I.      **Background**

Petitioner, a citizen of Columbia, entered the United States in 2023.  On January 25, 2023, Petitioner was placed by Immigration and Customs Enforcement (ICE) into removal proceedings through the issuance of a Notice to Appear and charged her with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  That same day, Petitioner was released from ICE custody on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. Petitioner also filed an application for asylum that same day.

On October 24, 2024, an Immigration Judge ordered Petitioner removed from the United States.  Petitioner subsequently filed an appeal of the removal order, which remains pending before the Board of Immigration appeals.

Petitioner was re-detained by ICE on October 7, 2025.  Petitioner has been continuously detained without bond since her arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On May 11, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of her due process rights under the Fifth Amendment to the United States Constitution.   Petitioner claims that § 1225(b)(2)(A) does not apply to her and that her continued detention without a bond hearing violates her due process rights.  As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    **<u>Discussion</u>**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five (5) business days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees.  *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026); *see also Kudratov v. Siegel*, No. CIV-26-83-SLP, 2026 WL 1232387 at *2 (W.D. Okla. May 5, 2026) (rejecting the respondents' contention that the filing of an application for asylum equates to seeking admission under § 1225(b)(2)).  The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 at *8 (10th Cir. June 30, 2026) (mandate pending), holding that "§ 1225(b)(2)(A)'s application is limited to the border."  *See also id*. at *7 ("A noncitizen . . . cannot request admission after the fact" and, "[s]o, for instance, a noncitizen who later receives . . . asylum, does not become admitted even though he has lawful status.").[1]  The

---

[1] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior."  *Id*. at *3 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

Court, therefore, finds that § 1226(a) governs Petitioner's detention, and she is entitled to an individualized bond hearing.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if she has not received a proper bond hearing within that period.[2]

IT IS FURTHER ORDERED that Petitioner's Motion for Leave to File Supplemental Information [Doc. No. 12] and Second Motion for Leave to File Supplemental Authority [Doc. No. 15] are DENIED as moot.

A separate judgment shall be entered.

IT IS SO ORDERED this 31st day of July, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address her remaining claims.